[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals
For the First Circuit

No. 98-1297

KENNETH C. YUNKER AND COLLEEN F. YUNKER,
Plaintiffs, Appellants,

v.

NORTHWESTERN NATIONAL LIFE
INSURANCE COMPANY, ET AL.,
Defendants, Appellees.

No. 98-1363

KENNETH C. YUNKER AND COLLEEN F. YUNKER,
Plaintiffs, Appellees,

v.

NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY,
Defendant, Appellee.

ZURN INDUSTRIES, INC. AND
ZURN INDUSTRIES INC. HEALTH PLAN,
Defendants, Appellants.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. David M. Cohen, U.S. Magistrate Judge]

Before

Boudin, Circuit Judge,
Reavley, Senior Circuit Judge,
and Lipez, Circuit Judge. 

John H. Montgomery, with whom Bernstein, Shur, Sawyer & Nelsonwas on brief, for appellants Kenneth and Colleen Yunker.
Arthur J. Lamothe, with whom Law Office of Arthur J. Lamothewas on brief, for appellees Zurn Industries, Inc. and Zurn Industries Inc. Health Plan.

October 29, 1998
Per Curiam. The judgment of the district court is affirmed for the following reasons:
1. The Plan's right to reimbursement is not contingent upon its participation in the state court action. The language of the plan expressly gives the Plan this right to recover from the employee personally any amount received in damages or payments. The Plan may choose to pursue its subrogation right against a tortfeasor, but it is not limited to that recourse.
2. The Plan expressly requires the employee to pay his own legal fees, allowing no latitude for the contention that the Plan should pay a share of the expense to recover a common fund.
3. The Plan's motion for additional findings raised an additional issue of whether it was entitled to full reimbursement of its expenses despite Yunker's contention that part of those expenses were unnecessary and due to an erroneous and unjustified requirement of the Plan. The resolution of that dispute may turn on the outcome of the state court action. The district court was well within its discretion in refusing the motion.
Affirmed. Each party should bear their own costs.